PAUL F. RUGANI (SBN 342647)
prugani@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
Telephone:   +1 949 567 6700
Facsimile:   +1 949 567 6710

CLEMENT S. ROBERTS (SBN 209203)
croberts@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

GEOFFREY MOSS (SBN 258827)
gmoss@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, California 90071
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

Attorneys for Defendants
Honey Science, LLC and PayPal, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM CAMPBELL, DANIEL JENKS-BERRYMAN, DECLAN LYNN, ADITHYA NARAYANAN, JAMES POAD, DAN SORAHAN, ALAN SUTCH, <br>   individually and on behalf of all others similarly situated, <br><br>             Plaintiffs, <br><br>       v. <br><br> HONEY SCIENCE, LLC, a Delaware limited liability company; PAYPAL, INC., a Delaware corporation; and DOES 1 through 50, <br><br>             Defendants. | Case No. 5:25-cv-02850 <br><br> **NOTICE OF REMOVAL** |

TO:  THE CLERK OF THE COURT

AND TO:  PLAINTIFFS THROUGH THEIR COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that Defendants PayPal, Inc. and Honey Science, LLC, (collectively, "PayPal"), by and through their undersigned counsel, hereby removes to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, as amended in relevant part by the Class Action Fairness Act of 2005, the above-captioned action, which was originally filed in the Superior Court of the State of California, County of Santa Clara, and assigned Case No. 25CV459473.

In support of this Notice of Removal, PayPal states as follows:

## BACKGROUND

1. On February 20, 2025, Plaintiffs Tom Campbell, Daniel Jenks-Berryman, Declan Lynn, Adithya Narayanan, James Poad, Dan Sorahan, and Alan Sutch ("Plaintiffs") commenced this action in Santa Clara County Superior Court by filing a Complaint entitled *Campbell et al. v. Honey Science, LLC, et al.*.

2. Plaintiffs served the Complaint on PayPal's registered agent on February 24, 2025.

3. Plaintiffs filed and served a First Amended Complaint ("FAC") on March 14, 2025.

4. Copies of all process, pleadings, and orders filed in this action are attached hereto as Exhibit A, as required by 28 U.S.C. § 1446(a).

5. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiffs and filed with the Clerk of the California Superior Court for the County of Santa Clara, as an exhibit to a Notice of Filing of Notice of Removal.

6. Plaintiffs brought this action against PayPal pursuant to Cal. Code of Civil Procedure § 382, which governs putative class actions filed in state court.

7. Plaintiffs allege PayPal misrepresented the operation of its internet browser extension, Honey, and they assert causes of action for breach of implied contract and violation of Cal. Bus. & Prof. Code, §§ 17200, *et seq*.

## JURISDICTION

8. This action is removable pursuant to 28 U.S.C. § 1441, which permits removal of "any civil action brought in a State court of which the district courts of the United States have

original jurisdiction"; and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants U.S. District Courts original jurisdiction over, and permits removal of, class actions in which: (i) any member of a class of plaintiffs is a citizen of a foreign state and any defendant is a citizen of a U.S. state (minimal diversity); (ii) the defendant is not a governmental entity; (iii) the proposed class contains at least 100 members; and (iv) the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See also*, *e.g.*, *Infuturia Global Ltd. v. Sequus Pharms., Inc.*, 631 F.3d 1133, 1137 (9th Cir. 2011) (district court had diversity jurisdiction where plaintiff was a citizen of the British Virgin Islands and defendant was a citizen of California); *Duran v. Fernandez Bros.*, No. 15-cv-3058, 2015 WL 7012884, at *3 (N.D. Cal. Nov. 12, 2015) (federal diversity jurisdiction exists under CAFA where most members of the proposed class are not citizens of the United States and where defendant is a citizen of California).

9. "[N]o antiremoval presumption attends cases invoking CAFA, in part because the statute was enacted to facilitate adjudication of certain class actions in federal court." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992–93 (9th Cir. 2022) (citation omitted). As set forth below, this case meets all the requirements for jurisdiction under CAFA.

10. Moreover, removal under CAFA is appropriate where plaintiffs file a representative action under Section 382 of the Cal. Code of Civil Procedure ("Section 382") against a jurisdictionally diverse defendant. *E.g.*, *Pac. Coast Fed'n of Fishermen's Ass'ns v. Chevron Corp.*, No. 18-cv-7477, 2023 WL 7299195, at *1 (N.D. Cal. Nov. 1, 2023) (finding "removal under CAFA was proper" where plaintiffs filed representative action under state law and explaining that the requirements of Section 382 are "parallel" to those contained in Rule 23).

**Minimal Diversity of Citizenship**

11. Minimal diversity exists in this case because at least one plaintiff or putative class member is a citizen of a different state than any defendant.

12. Plaintiffs allege that they are citizens and residents of the United Kingdom (the "UK"). FAC ¶¶ 3-9.

13. Plaintiffs seek to represent a class of:

> All citizens and residents of *the UK* who downloaded the Honey browser extension within *the UK*, and who, at any time after 1 January 2020, used the Honey browser extension to seek the "best" discount codes and coupons, and purchased an item but did not receive the lowest available prices when they purchased an item because of an agreement between Defendants and one or more of their "Partner" vendors while allowed the "Partner" vendors to have control over which otherwise-available coupons and discount codes would be located and applied through the Honey browser extension.

*Id*. ¶ 43 (emphasis added).

14. As Plaintiffs allege, PayPal, Inc. is organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in the State of California. *Id.* ¶ 11. Corporations are "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). PayPal, Inc., therefore, is a citizen of both Delaware and California.

15. Honey Science, LLC is a limited liability company organized pursuant to the laws of the State of Delaware. FAC ¶ 10. For diversity purposes, an LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The only member of Honey Science, LLC is PayPal, Inc. As stated above, PayPal, Inc. is a citizen of both Delaware and California. Honey Science LLC, therefore, is a citizen of both Delaware and California.

16. Accordingly, there is minimal diversity of citizenship among the parties under CAFA. 28 U.S.C. § 1332(d)(2). *See, e.g.*, *Duran*, 2015 WL 7012884 at *3.

**PayPal Is Not a Governmental Entity**

17. PayPal is not a State, State official, or other government entity.

**The Proposed Class Exceeds 100 Members**

18. While Plaintiffs do not specifically allege the number of proposed class members, Plaintiffs have proposed a class that both the First Amended Complaint and the exhibits attached thereto show would exceed 100 members.

19. Plaintiffs seek to represent "*[a]ll* citizens and residents of the UK who downloaded the Honey browser extension within the UK, and who, at any time after 1 January 2020, used the Honey browser extension." FAC ¶ 43 (emphasis added). Plaintiffs allege there are 2.9 million

1   Honey users in the UK. *See id.* ¶ 38, n.6 (citing https://archive.ph/WFzvM) and *id.*, Ex. G ("Honey currently has 30M+ members globally, with 5.6M in the EU [and] 2.9M in the UK[.]"). Plaintiffs further claim Honey "attracts 20M+ visits globally per month, with … 2.7M in the UK[.]" FAC, Ex. G.  And while PayPal denies Plaintiffs have established numerosity, commonality, or predominance, and will address those arguments at the appropriate time, Plaintiffs have framed their allegations broadly, suggesting that all 2.9 million Honey users in the UK are potential class members. *See Mondragon v. Capital One Auto Fin.,* 736 F.3d 880, 884 (9th Cir. 2013) ("A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard.").

20.   Moreover, by invoking Section 382, Plaintiffs necessarily concede that they subjectively believe their allegations are "of a common interest" that either involve "many persons" or that the "parties are numerous, and it is impracticable to bring them all before the court[.]" *See* CCP § 382. While PayPal disagrees that the requirements of either Section 382 or Rule 23 are met here, Plaintiffs cannot invoke California's class-action statute on one hand and claim its federal parallel does not apply on the other. *See Pac. Coast Fed'n of Fishermen's Ass'ns*, 2023 WL 7299195 at *1.

21.   Accordingly, the proposed class is greater than the 100-member threshold for CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(5)(B).

**The Amount in Controversy Exceeds $5 Million**

22.   The amount in controversy is the amount at stake in the underlying litigation. *Jauregui*, 28 F.4th at 994. Importantly, this "does not mean likely or probable liability; rather, it refers to *possible* liability." *Id.* (citation omitted) (emphasis in original).

23.   "[A] defendant's notice of removal need include only a plausible allegation" that the requirements of CAFA are satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). This rule applies "even if plaintiffs affirmatively contend in their complaint that damages do not exceed $5 million" or leave the amount in controversy unstated. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) and *Rodriguez v. AT&T Mobility Svcs. LLC*, 729 F.3d 975, 981 (9th Cir.

1  2013)).   Evidence establishing the amount in controversy is required only when the plaintiff
2  contests or the court questions a defendant's assertion.  *Id.*

3  24.   PayPal denies the validity and merit of Plaintiffs' alleged claims and disputes that
4  this action is appropriate for class treatment under Federal Rule of Civil Procedure 23.  But for
5  purposes of setting the grounds for this Court's subject matter jurisdiction – and without conceding
6  that Plaintiffs or the putative class are entitled to any damages or any relief whatsoever – it is
7  apparent from the First Amended Complaint that Plaintiffs seek sufficient damages on behalf of
8  themselves and the class to satisfy CAFA.

9  25.   Plaintiffs assert they and the putative class are entitled to "the difference between
10 (a) the price actually paid … and (b) the lower price which would have been paid if the Honey
11 browser extension had actually sought out and applied the most favorable publicly-available
12 coupons or discount codes[.]"  FAC Prayer for Relief, ¶¶ a. and b

13 26.   Based on the allegations in the First Amended Complaint, the potential amount in
14 controversy exceeds $5 million.  PayPal denies that any individual Honey user has been harmed,
15 but taking Plaintiffs' allegations at face value, the $5 million threshold would be met if each of the
16 current 2.9 million UK Honey users experienced just $1.73 in total alleged losses.  Given the
17 prevalence of online shopping, Honey's alleged wide reach in the United Kingdom, and the five-
18 year span covered by the putative class, it is highly likely PayPal's possible exposure to Plaintiffs'
19 claims exceeds $5 million.

20 27.   Moreover, in assessing whether the $5 million threshold has been met, this Court
21 may aggregate the amount in controversy at issue in similarly situated class actions.  *See, e.g.*,
22 *Sanders v. Kia Am. Inc.*, No. 8:23-cv-00486, 2023 WL 3974966, at *6 (C.D. Cal. June 13, 2023)
23 (explaining that where "federal jurisdiction already exist[s] over the first [class] action, which
24 [seeks] to represent all like individuals, the amount in controversy [can] be aggregated between the
25 [actions]," supports removal in the second-filed action); *Chavoya v. Merrill Gardens, LLC*, No.
26 1:24-cv-00268, 2024 WL 3219724, at *10, n. 14 (E.D. Cal. June 28, 2024) (citing *Sanders*).
27 Another putative class action filed by purported Honey users—*White v. PayPal Holdings, Inc., et.
28 al.*, No. 3:25-cv-00046 ("*White*")—was transferred to this District on March 21, 2025 after initially

being filed in the Northern District of Florida. *See White*, ECF No. 10 (Notice of Interdistrict Transfer to the Northern District of California). The *White* plaintiff alleges that its proposed class consists of "millions" of potential members, *White* ECF No. 1 (Complaint) at ¶ 54, and that the aggregate amount in controversy exceeds $5 million, *id.* at ¶ 14. Without conceding the allegations in *White*, alleged harm in excess of $5 million on behalf of a similar class supports a finding that at least $5 million is potentially in controversy here. *See Sanders*, 2023 WL 3974966, at *6.

28. PayPal denies that it has any liability to Plaintiff, to any putative class member, or to any other individual(s), and denies that the putative class could be certified for class treatment. Nevertheless, the aggregate amount placed in controversy by Plaintiffs' First Amended Complaint, exceeds $5 million.

**NOTICE OF REMOVAL IS TIMELY**

29. This Notice of Removal is timely filed. Under 28 U.S.C. § 1446(b)(2)(B), "[e]ach defendant shall have 30 days after . . . service on that defendant of the initial pleading or summons . . . to file the notice of removal." Here, PayPal was served on February 24, 2025; it filed this Notice of Removal on March 26, 2025, 30 days after service of the Complaint. *See* Certificate of Service dated February 24, 2025.

**VENUE FOR REMOVAL**

30. Because this action was initially brought in the Santa Clara County Superior Court, venue for purposes of removal is proper in this Court under 28 U.S.C. § 128(a), as this District embraces Santa Clara County, California, the place where the removed action has been pending. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

**NOTICE OF FILING OF NOTICE OF REMOVAL**

31. In accordance with 28 U.S.C. § 1446(d), PayPal will promptly provide written notice to counsel of record for Plaintiffs and will promptly file a copy of this Notice of Removal with the Santa Clara County Superior Court.

## CONCLUSION

WHEREFORE, Defendants PayPal, Inc. and Honey Science, LLC, hereby remove this action to this Court for all future proceedings.

Dated: March 26, 2025

PAUL F. RUGANI
Orrick, Herrington & Sutcliffe LLP

By: */s/ Paul F. Rugani*
PAUL F. RUGANI
Attorney for Defendants
HONEY SCIENCE, LLC and
PAYPAL, INC.