1  PAUL F. RUGANI (SBN 342647)
   prugani@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2050 Main Street, Suite 1100
3  Irvine, CA 92614-8255
   Telephone:   +1 949 567 6700
4  Facsimile:   +1 949 567 6710

5  RICHARD JACOBSEN (admitted pro hac vice)
   rjacobsen@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   51 West 52nd Street
7  New York, NY 10019-6142
   Telephone:   +1 212 506 5000
8  Facsimile:   +1 212 506 5151

9  CLEMENT S. ROBERTS (SBN 209203)
   croberts@orrick.com
10 ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
11 405 Howard Street
   San Francisco, CA 94105-2669
12 Telephone:   +1 415 773 5700
   Facsimile:   +1 415 773 5759

13
14 Attorneys for Defendants
   Honey Science, LLC and PayPal, Inc.

15                UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| 18  TOM CAMPBELL, DANIEL JENKS-BERRYMAN, DECLAN LYNN, ADITHYA NARAYANAN, JAMES POAD, DAN SORAHAN, ALAN SUTCH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HONEY SCIENCE, LLC, a Delaware limited liability company, PAYPAL, INC., a Delaware corporation, and DOES 1 through 50,<br><br>Defendants. | Case No. 5:25-cv-02850-PCP<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date:   June 26, 2025<br>Time:   10:00 AM<br>Dept:   Courtroom 8, 4th Floor<br>Judge:  Hon. P. Casey Pitts |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** Defendants Honey Science, LLC and PayPal, Inc. (together "PayPal") respectfully request that this Court take judicial notice of two exhibits. PayPal makes this request in support of its Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"), filed concurrently herewith. True and correct copies of the documents for which judicial notice is requested are attached to the Declaration of Julian Chan also filed concurrently herewith. Exhibit 1 includes screenshots of the user sign up flow a new user would encounter when creating a Honey account in the U.K. Exhibit 2 is Honey's U.K. Terms of Use ("TOU"), which are publicly available.

A court deciding a motion to dismiss may consider matters of judicial notice. *See U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *see also MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). The Exhibits are subject to judicial notice because (1) they have been incorporated by reference and (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The TOU Plaintiffs agreed to when signing up with Honey and the sign up flow they followed are incorporated by reference in the FAC and are subject to judicial notice.

**Incorporation by reference**

Under the "incorporation by reference" doctrine, a court may take judicial notice if "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (holding that it is proper to consider a document "where the complaint necessarily relies upon a document or the contents are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance"). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Judicial notice of the TOU and sign up process is proper because Plaintiffs' FAC is centered

on Plaintiffs' use of PayPal's Honey browser extension. For example, Plaintiffs allege that they "downloaded the free Honey software browser extension," "provided his or her e-mail through the Honey website," and "received an e-mail" after signing up through the website. FAC ¶¶ 31, 33-34, Ex. F. Because Plaintiffs have selectively detailed in the FAC aspects of the user sign-up experience (including via exhibits with the user welcome email), Plaintiffs have incorporated by reference the entirety of that experience, including their acceptance of the Terms of Use. *See, e.g., Knievel*, 393 F.3d at 1076 (where plaintiff identified certain pages of website relevant to their claim, court considered, as incorporated by reference, other pages of the website that users would have seen but were omitted from the complaint). Courts will take judicial notice of the terms of use and sign up process when they are incorporated by reference in the complaint. *See In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1207 n.2 (N.D. Cal. 2014) (taking judicial notice of user agreement that was referenced in the complaint and publicly available on defendant's website because the user agreement was incorporated by reference); *see also Laatz v. Zazzle, Inc.*, 682 F. Supp. 3d 791, 804 (N.D. Cal. 2023) (finding screenshots depicting website sign-up page incorporated by reference because the sign-up process formed the basis of plaintiff's claims).

Further, courts consider express contracts between parties to be incorporated by reference into the complaint in situations, like here, where the express contract demonstrates the absence of an implied contract claim. *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1001 n.4 (N.D. Cal. 2014) (taking notice of Uber's terms of service, via incorporation by reference, in addressing plaintiff's implied contract claim); *Burton v. Time Warner Cable.*, No. CV 12–06764 JGB (AJWx), 2013 WL 3337784, at *4 (C.D. Cal. Mar. 20, 2013) (finding plaintiff incorporated the Subscriber Agreement into the complaint by alleging the class "signed up" or "subscribed" to defendant's service and did not otherwise dispute that the services are governed by the Subscriber Agreement). The Court should do the same here.

**Judicial Notice**

Judicial notice is permissible for facts "not subject to reasonable dispute" because the information is either generally known or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *accord Transphase Sys.,*

1  *Inc. v. S. Cal. Edison Co.*, 839 F. Supp. 711, 715 n.5 (C.D. Cal. 1993).  Rule 201(c) of the Federal
2  Rules of Evidence states that a court "must take judicial notice if a party requests it and the court
3  is supplied with necessary information." Fed. R. Evid. 201(c)(2); *accord In re Icenhower*, 755 F.3d
4  1130, 1142 (9th Cir. 2014).  Websites and their contents may be subject to judicial notice.  *See*
5  *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020).  Indeed,
6  courts routinely take judicial notice of terms of use agreements that are publicly available on a
7  website.  *See Doe v. Roblox Corp.*, 602 F. Supp. 3d 1243, 1251 n. 2 (N.D. Cal. 2022) (taking judicial
8  notice of the Terms of Use in part because "their accuracy is not subject to reasonable dispute due
9  to being a publicly accessible web page"); *Masry v. Lowe's Cos., Inc.*, 2024 WL 3228086, at *1-2
10 (N.D. Cal. June 28, 2024) (taking judicial notice of the terms of use as published on defendant's
11 website noting there are no issues of authenticity because they were a matter of public record);
12 *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 984 (N.D. Cal. 2010) (taking judicial
13 notice of terms of use which were available online); *Opperman v. Kong Techs., Inc.*, No. 13-cv-
14 00453-JST, 2017 WL 3149295, at *4 (N.D. Cal. July 25, 2017) (granting judicial notice of pages
15 publicly available on defendant's website). Thus, judicial notice of Honey's TOU is proper.

16       Likewise, the sign up flow can be accurately and readily determined from sources whose
17 accuracy cannot reasonably be questioned and is thus, a proper subject of judicial notice.  *Maree v.*
18 *Deutsche Lufthansa AG*, No. SACV20885, 2020 WL 6018806, at *2-3 (C.D. Cal. Oct. 7, 2020)
19 (granting request for judicial notice of screenshot of airline ticket purchasing flow because it was a
20 matter of public record); *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2019 WL 1779974, at *1 n.
21 2 (N.D. Cal. Apr. 23, 2019) (taking judicial notice of Google's sign up page because it "can be
22 accurately and readily determined from sources whose accuracy cannot reasonably be questioned"
23 (citing Fed. R. Evid. 201(b))).

24       For the reasons set forth above, PayPal respectfully requests that the Court take judicial
25 notice of Honey's TOU and the sign up flow and consider such materials in ruling on Defendants'
26 Motion to Dismiss.

27
28

Dated: April 16, 2025

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Paul F. Rugani*
PAUL F. RUGANI
Attorney for Defendants
HONEY SCIENCE, LLC and PAYPAL, INC.