DAVID J. GALLO *(California Bar No. 127722)*
**LAW OFFICES OF DAVID J. GALLO**
12702 VIA CORTINA, SUITE 500
DEL MAR, CALIFORNIA  92014
Telephone: (858) 509-3652

Attorneys for all Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM CAMPBELL,<br>DANIEL JENKS-BERRYMAN,<br>DECLAN LYNN,<br>ADITHYA NARAYANAN,<br>JAMES POAD,<br>DAN SORAHAN,<br>ALAN SUTCH,<br>    individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>HONEY SCIENCE, LLC,<br>    a Delaware limited liability company,<br>PAYPAL, INC.,<br>    a Delaware corporation, and<br>DOES 1 through 50,<br><br>        Defendants. | Case Number:<br><br>**5:25-cv-02850**<br><br><br><br>**CLASS ACTION**<br><br><br><br>**CAMPBELL PLAINTIFFS' RESPONSE TO POTENTIAL CASE RELATION**<br>**[Civil L.R. 3-12(c)]** |

5:25-cv-02850
**CAMPBELL PLAINTIFFS' RESPONSE TO POTENTIAL CASE RELATION [Civil L.R. 3-12(c)] – PAGE 1**

This Response to Potential Case Relation is filed on behalf of all Campbell Action Plaintiffs, in response to the Court's Order of 25 June 2025, ECF No. 36.

The Campbell Plaintiffs' view is that, whether or not the Fitzgerald Action qualifies as a related action for purposes of Civil L.R. 3-12(a)(1), it may serve the interests of efficiency and conserve the resources of the Court for the two cases to be before the same judicial officer. The Campbell Plaintiffs infer from the fact that Defendants did not file a Notice of Pendency of Other Action or Proceeding (*see,* Civil L.R. 3-13(a)) that Defendants will assert that these cases are not related. (Defendants first appeared in the Fitzgerald Action on 14 April 2025.) The Campbell Plaintiffs' undersigned counsel first learned of the pendency of the Fitzgerald Action on 24 June 2025, upon receipt of the Judicial Referral at ECF No. 35.

## DESCRIPTION OF THE CAMPBELL ACTION

The Campbell Action was removed to this Court under CAFA. Subject-matter jurisdiction is far from certain, and the Campbell Plaintiffs may file a motion to remand after they have been afforded an opportunity to conduct discovery (including jurisdictional discovery). (*See, ex rel.,* Oppo. to Mot. to Dismiss, ECF No. 29, at pp. 8-10.)

The Campbell Plaintiffs' FAC alleges that Defendants operate the *Honey* browser extension, that promises to provide, but does not actually provide, the lowest available price for on-line purchases. The Campbell Plaintiffs' FAC asserts two legal theories, *viz.:* breach of implied contract, and unfair competition. (*Cf.:* Bus. & Prof. Code, §§ 17200, *et seq*.) The Campbell Action is brought on behalf of consumers who meet **all six** criteria for class membership

specified in the Campbell Plaintiffs' FAC, *viz.:* (a) **UK** citizens; (b) **UK** residents; (c) who downloaded the *Honey* browser extension within the **UK;** (d) who, after 1 January 2020, used it to seek the "best" discount codes and coupons; (e) purchased an item but did not receive the lowest available price when they purchased it; (f) because of an agreement between Defendants and one or more of their "Partner" vendors which allowed the "Partner" vendors to have control over which otherwise-available coupons and discount codes would be located and applied through the *Honey* browser extension. (*See,* Campbell Plaintiffs' FAC, ECF No. 1-1, at ¶ 43.)

Defendants have asserted that the Campbell Plaintiffs have assented to a purported written agreement which contains a choice-of-law provision purporting to select English law, and which contains **<u>no</u>** arbitration clause. (*See, ex rel.,* Mot. to Dismiss, ECF No. 25, at pdf pp. 12-13.) The Campbell Plaintiffs do not concede that they have assented to the purported written agreement, and the Campbell Plaintiffs dispute that the choice-of-law provision could be enforceable in any event. (*See, ex rel.,* Oppo. to Mot. to Dismiss, ECF No. 29, at pp. 13-23.)

At the request of Defendants' counsel, the hearing on Defendants' Motion to Dismiss has previously been continued from 26 June 2025 to 7 August 2025. (*See, ex rel.,* Order of Stipulation, ECF No. 33, at pdf p. 2, lines 8-9.)

### **DESCRIPTION OF THE FITZGERALD ACTION**

The Fitzgerald Plaintiffs' Complaint also alleges that Defendants operate the same *Honey* browser extension, that promises to provide, but does not actually provide, the lowest available price for on-line purchases. The Fitzgerald Plaintiffs' Complaint asserts various legal theories, including unfair competition. The Fitzgerald Plaintiffs' Complaint has not joined Honey Science, LLC, as a

defendant. Significantly, the class proposed in the Fitzgerald Plaintiffs' Complaint consists of only **U.S.** persons, and is drafted quite broadly to include:

> "All persons within the United States who downloaded the Honey browser extension onto their browsers and used the Honey browser extension when completing an online purchase."

(*See,* Fitzgerald Plaintiffs' Complaint, at ¶ 46.) Thus, there is no overlap in proposed class definition as between the Campbell Action and the Fitzgerald Action. Nor will there be any question that the amount in controversy in the Fitzgerald Action exceeds $5 million, as alleged therein. (*See,* Fitzgerald Plaintiffs' Complaint, at ¶ 9.)

While Defendants have yet to respond to the Fitzgerald Plaintiffs' Complaint, it would appear certain that Defendants will assert that the Fitzgerald Plaintiffs are bound by purported Terms of Use that are different from the purported Terms of Use that Defendants contend bind the Campbell Plaintiffs. A document Defendants have proffered in the Campbell Action states, *inter alia:*

> If you are based in the United States, Canada, Australia, or New Zealand, or anywhere else outside of Europe or he UK, then the applicable Terms of Use that govern your use of the Service are set forth here:
>
> www.joinhoney.com/terms/us

(*See,* Exhibit 2 to Chan Declaration, ECF No. 27-2, at pdf p. 2, ¶ 3.)

> This Court may take judicial notice that the document found at:
>
> www.joinhoney.com/terms/us

… **does** contain a purported arbitration clause. It can thus be anticipated that a motion to compel arbitration will be filed in the Fitzgerald Action.

**5:25-cv-02850**
**CAMPBELL PLAINTIFFS' RESPONSE TO POTENTIAL CASE RELATION [Civil L.R. 3-12(c)] – PAGE 4**

## SUMMARY AND CONCLUSION

In summary, there is no overlap in class membership between the two actions; there are different questions about subject-matter jurisdiction and applicable law, and only the Fitzgerald Action may involve litigation regarding possible arbitration. However, there will be overlap in subjects covered in discovery. The Campbell Plaintiffs would be pleased to share results of discovery with the Fitzgerald Plaintiffs, and would do so even if the Campbell Action is ultimately remanded to the state court from whence it was removed.

If this Court accepts transfer of the Fitzgerald Action, coordination between the two actions should be limited to discovery, to avoid hindering the progress of either or both actions.

Dated: 26 June 2025          Respectfully submitted,

DAVID J. GALLO
**LAW OFFICES OF DAVID J. GALLO**
12702 VIA CORTINA, SUITE 500
DEL MAR, CALIFORNIA  92014-3769
Telephone: (858) 509-3652

          /s/ David J. Gallo
By:   David J. Gallo,
       California Bar No. 127722
       Attorneys for all Plaintiffs

## CERTIFICATE OF SERVICE

On 26 June 2025, I served a copy of the foregoing **CAMPBELL PLAINTIFFS' RESPONSE TO POTENTIAL CASE RELATION [Civil L.R. 3-12(c)]** upon counsel for the Fitzgerald Plaintiffs, by e-mail, as follows:

Adam Marc Apton, Esq. – aapton@zlk.com

By: /s/ David J. Gallo
David J. Gallo,
California Bar No. 127722
Attorneys for all Plaintiffs

[RESPONSE TO REFERRAL RE RELATEDNESS.wpd]