1  PAUL F. RUGANI (SBN 342647)
   prugani@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2050 Main Street, Suite 1100
3  Irvine, CA 92614-8255
   Telephone:    +1 949 567 6700
4  Facsimile:    +1 949 567 6710

5  CLEMENT S. ROBERTS (SBN 209203)
   croberts@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
7  405 Howard Street
   San Francisco, CA 94105-2669
8  Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759

9
   GEOFFREY MOSS (SBN 258827)
10 gmoss@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
11 355 S. Grand Avenue, Suite 2700
   Los Angeles, California 90071
12 Telephone: +1 213 629 2020
   Facsimile: +1 213 612 2499
13
   Attorneys for Defendants
14 Honey Science, LLC and PayPal, Inc..

15                     UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| TOM CAMPBELL, DANIEL JENKS-BERRYMAN, DECLAN LYNN, ADITHYA NARAYANAN, JAMES POAD, DAN SORAHAN, ALAN SUTCH, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>HONEY SCIENCE, LLC, a Delaware limited liability company, PAYPAL, INC., a Delaware corporation, and DOES 1 through 50,<br><br>Defendants. | Case No. 25-cv-2850-PCP<br><br>**RESPONSE IN SUPPORT OF RELATING CASES PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11** |

RESPONSE IN SUPPORT OF RELATING CASES PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11

In response to this Court's June 25, 2025, Order Setting Response Deadline to Potential Case Relation, PayPal, Inc., PayPal Holdings Inc., and Honey Science, LLC (collectively, "PayPal") support a determination that the above-captioned case ("*Campbell*") be deemed related, pursuant to Civil Local Rules 3-12 and 7-11, to *Fitzgerald v. PayPal, Inc.*, Case No. 5:25-cv-02993 ("*Fitzgerald*"), filed in the Northern District of California on April 1, 2025. In addition, PayPal respectfully submits that another case opened in this district on June 10, 2025, after being transferred from the Northern District of Florida, *White v. PayPal Holdings, Inc.*, 5:25-cv-04884-NW ("*White*"), should be assigned to this Court as likewise related to both *Campbell* and *Fitzgerald*.

Civil Local Rule 3-12 provides that "[a]n action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." These cases collectively satisfy those requirements.

First, there is overlap in parties. All cases involve claims asserted against PayPal entities, with PayPal, Inc. being a defendant in both *Campbell* and *Fitzgerald* and PayPal Holdings, Inc. a defendant in both *White* and *Fitzgerald*. While there is no overlap in the individual plaintiffs, the named plaintiffs in both *White* and *Fitzgerald* seek to represent nationwide and Florida-specific classes of users of the Honey browser extension. *See White* Dkt. 1 (White Complaint) at ¶ 51; *Fitzgerald* Dkt. 1 (Fitzgerald Complaint) at ¶ 46. And although the proposed class in *Campbell* does not overlap due to geographic distinctions, the nature of the class is similar—the *Campbell* plaintiffs likewise seek to represent a class of Honey browser extension users, just users resident in the United Kingdom rather than the United States.

Second, the cases involve overlapping claims arising out of similar alleged events. In each case, the plaintiffs purport to be users of the free Honey browser extension who seek to bring claims against PayPal because Honey allegedly promises users it will find the "best" coupons available but in certain instances does not present users with the best available coupon. The cases litigate that basic complaint through a series of overlapping claims—both *Campbell* and *Fitzgerald* assert that PayPal's conduct violates California's Unfair Competition law and both

*White* and *Fitzgerald* allege violations of Florida's Deceptive and Unfair Trade Practices Act, fraudulent misrepresentation, fraudulent concealment, and unjust enrichment.

Third, given the overlapping nature of the factual allegations, claims, defendants, and subclasses between the three actions, separate assignments risks creating a duplication of labor and expenses and could potentially lead to conflicting results. Relating the cases before a single judge would help avoid conflicts, conserve resources, and promote efficient administration of the cases. The Plaintiffs in the *Campbell* case also do not oppose relating the cases, noting in their Response to Potential Case Relation that "it may serve the interests of efficiency and conserve the resources of the Court for the two cases to be before the same judicial officer." *See* Dkt. 37 at 2.

The parties in each action have also had preliminary discussions about consolidation. PayPal and the plaintiffs in *Fitzgerald* and *White* reached an agreement in principle that those two cases should be consolidated once *White* was formally transferred to this District and that PayPal would not be obligated to respond until the consolidation process was successfully complete and those plaintiffs filed a consolidated complaint. In light of that agreement, Judge Lee stayed PayPal's response deadline in *Fitzgerald* to July 24, 2025, allowing the parties to seek further modification to the schedule as warranted by further developments. Should this Court accept the cases as related to *Campbell*, PayPal suggests the parties be directed to confer and revert to the Court with a proposed schedule for plaintiffs to file a consolidated complaint and PayPal to respond.

Both PayPal and the *Campbell* plaintiffs do not, at this time, believe the *Campbell* case should be formally consolidated with *Fitzgerald* and *White*. *See* Dkt. 37 at 5 (Campbell Plaintiffs' Response to Potential Case Relation) (noting that coordination should be limited to discovery). As noted above, *Campbell* involves claims asserted by U.K. users who agreed to be bound by distinct terms of service that dictate English law governs in litigating any disputes relating to Honey. PayPal has a pending motion to dismiss the *Campbell* case on that basis, among others, scheduled for hearing on August 7, that it believes will dispose of that case on the merits. And the parties in *Campbell* stipulated they would not seek to consolidate *Campbell* with any other case until after PayPal's response to the complaints in both *Campbell* and *White* had

been filed, which has not yet transpired (the *Fitzgerald* case was not yet filed at the time of that stipulation).

In addition, as PayPal intends to raise through formal motion practice, the plaintiffs in *Fitzgerald* and *White* agreed to mandatory arbitration before the American Arbitration Association when creating their Honey accounts. PayPal respectfully submits that any consideration of whether *Campbell* should be consolidated with *White* and *Fitzgerald*, and to what extent, should await resolution of the motion to dismiss in *Campbell* and PayPal's forthcoming motions to compel arbitration and/or dismiss the *White* and *Fitzgerald* cases (either individually or on a consolidated basis). The *Campbell* plaintiffs similarly acknowledge that consolidation at this point is not warranted given the distinct threshold legal questions between the cases, including the arbitration issues discussed above. *See* Dkt. 37 at 5.

Dated: June 27, 2025                               ORRICK, HERRINGTON & SUTCLIFFE LLP


By: */s/ Paul F. Rugani*
PAUL F. RUGANI
Attorney for Defendant
PAYPAL, INC.