RICHARD A. JACOBSEN (*admitted pro hac vice*)
rjacobsen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019-6142
Telephone:     +1 212 506 5000
Facsimile:     +1 212 506 5151

CLEMENT S. ROBERTS (SBN 209203)
croberts@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

PAUL F. RUGANI (SBN 342647)
prugani@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
Telephone:     +1 949 567 6700
Facsimile:     +1 949 567 6710

Attorneys for Defendant
PAYPAL, INC. AND PAYPAL HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM CAMPBELL, DANIEL JENKS-BERRYMAN, DECLAN LYNN, ADITHYA NARAYANAN, JAMES POAD, DAN SORAHAN, ALAN SUTCH, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>HONEY SCIENCE, LLC, a Delaware limited liability company, PAYPAL, INC., a Delaware corporation, and DOES 1 through 50,<br><br>Defendants. | Case No.: 25-cv-2850-PCP<br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT** |

1    This Case Management Statement and Proposed Discovery Plan is filed on behalf of all

2  parties:

3    **1.    Jurisdiction and Service**

4        a)  <u>Plaintiffs' Position</u>

5    Proposed class action removed under CAFA.  Plaintiffs question subject-matter jurisdiction,

6  and may seek remand depending upon results of discovery.

7        b)  <u>Defendants' Position</u>

8    PayPal disputes Plaintiffs' contention that subject-matter jurisdiction is in question. While

9  PayPal denies the validity and merit of Plaintiffs' alleged claims and disputes that the action is

10  appropriate for class treatment under Federal Rule of Civil Procedure 23, PayPal's notice of

11  removal established why federal jurisdiction is proper under CAFA based on the allegations in

12  Plaintiffs' First Amended Complaint ("FAC") without any need for discovery into subject matter

13  jurisdiction.

14    **2.    Facts**

15        a)  <u>Plaintiffs' Position</u>

16    Plaintiffs' FAC alleges that Defendants operate a browser extension (called, "Honey") that

17  promises to provide, but does not actually provide, the lowest available price for on-line purchases.

18  Plaintiffs and proposed class members are UK nationals who downloaded and used "Honey".

19        b)  <u>Defendants' Position</u>

20    Honey is a free, downloadable browser extension shoppers can install on their web browsers

21  that automatically looks for discount codes to apply to the shoppers' transactions to provide them

22  with savings on their purchases.

23    Plaintiffs are U.K. citizens who downloaded PayPal's free Honey browser extension in the

24  U.K. and used it to obtain discounts when shopping online in the U.K. After downloading the

25  extension, each of the Plaintiffs provided their email through the Honey website and, in the course

26

27                                              - 1 -

28

1    of doing so, were required to accept Honey's U.K. Terms of Use ("TOU"). The TOU specifically

2    provide that the users' relationship with Honey is governed by the laws of England and Wales. The

3    TOU specifically address the terms on which Honey provides coupon codes and expressly provide

4    that Honey "may not always find you the best deal" and "does not promise or guarantee . . . the best

5    prices, best terms or lowest rates available."

6          In their FAC, and notwithstanding the contrary provisions of the TOU, Plaintiffs

7    characterize Honey's advertisements as the equivalent of a contract guaranteeing PayPal "will cause

8    the Honey browser extension to automatically search the Internet for the 'best' coupons and

9    discount codes, and will apply them to the Honey user's purchase to provide the Honey user with

10   the lowest possible price – ' … the best one …' – to obtain for the Honey user, '… the biggest

11   savings …'" FAC ¶ 48.  Plaintiffs allege this "contract" is breached solely because, as PayPal

12   publicly discloses, PayPal's merchant partners "have control over the content hosted on the Honey

13   platform" and can reach out to the Honey team "to update the codes and promotions currently being

14   hosted."  *Id*. ¶ 38.  Plaintiffs' allegations do not establish an enforceable contract containing the

15   terms Plaintiffs contend and, in any event, Plaintiffs do not identify a single transaction in which

16   PayPal's arrangements with its merchant partners resulted in Plaintiffs being presented with a less

17   valuable coupon than the merchant otherwise would have honored. Plaintiffs' FAC also does not

18   show how they were damaged by the use of a free browser extension.

19        **3.    Legal Issues**

20              a.   <u>Plaintiffs' Position</u>

21          Plaintiffs' view is that the first legal issue to be decided is subject-matter jurisdiction, and

22   that Defendant should provide full and complete responses to the four (4) interrogatories, and the

23   two (2) categories of documents requested, to enable the Court to ascertain whether it has subject-

24   matter jurisdiction.  Plaintiffs understand that the parties dispute whether UK law, or California law,

25

26

27

28

INITIAL JOINT CASE MANAGEMENT STATEMENT
CASE No. 25-cv-2850-PCP

1   will control.  Defendants' Motion to Dismiss, and the parties' briefing thereon, outline various

2   additional disputed issues of law

3           b.  Defendants' Position

4       At this early stage of litigation, Defendants believe the key legal issues in this case include,

5   but are not limited to:

6           a)  Whether UK or California law applies;

7           b)  Whether the Plaintiffs entered into contracts with PayPal by accepting the TOU;

8           c)  Whether PayPal's advertisements formed implied contracts;

9           d)  Whether PayPal's conduct constitutes unlawful, unfair, or deceptive business

10              practices in violation of California's Unfair Competition Law.

11  **4.      Motions**

12      Defendants' Motion to Dismiss is scheduled for hearing at the time of the CMC.  If the

13  Motion to Dismiss is not granted, Plaintiffs will file a motion for class certification.  PayPal will

14  oppose any motion for class certification and may file a motion for summary judgment if its Motion

15  to Dismiss is denied. Plaintiffs will file a motion for remand, if the responses to the currently-

16  pending discovery warrant it.  PayPal reserves the right to file a motion to strike the class definition

17  including, *inter alia*, on the grounds that the definition is impermissibly failsafe.

18  **5.      Amendment of Pleadings**

19  Plaintiffs do not anticipate adding any parties.

20  **6.      Evidence Preservation**

21      Counsel have reviewed the ESI Guidelines, and have met and conferred regarding

22  reasonable and proportionate steps taken to preserve evidence relevant to reasonably-evident issues.

23  **7.      Disclosures**

24      The parties have timely exchanged initial disclosures.

25  **8.      Discovery and Discovery Plan**

26

27                                          - 3 -

28

a) <u>Discovery Taken to Date</u>

To ascertain subject-matter jurisdiction, Plaintiff has issued four (4) interrogatories, and has requested two (2) categories of documents, which are limited to amount in controversy and number of putative class members.  Plaintiffs are of the view that full and complete answers should be provided on the earliest possible date, to enable the Court to ascertain whether it has subject-matter jurisdiction.  Plaintiffs have submitted a list of currently-known matters on which examination will be requested for a deposition of Defendants.  PayPal's deadline to submit responses and objections to Plaintiffs' discovery requests is August 11, 2025, subject to PayPal's request that all discovery should be stayed pending a ruling on PayPal's motion to dismiss.

PayPal's view is that Plaintiffs' "jurisdictional" discovery is not so limited but is instead an attempt by Plaintiffs to discover whether there is in fact any putative class member who suffered any harm at all.  In addition, the discovery requests underscore the impermissibly failsafe nature of the class definition.  Plaintiffs' discovery requests reveal that neither Plaintiffs nor their counsel had any idea whether any of them suffered the harm alleged in the complaint prior to filing suit.

b) <u>Scope of Anticipated Discovery</u>

i. <u>Plaintiffs' Position</u>

Plaintiffs seek discovery of evidence that will establish or refute Defendant's claim that the amount in controversy exceeds $5 million, and that there are more than 100 persons who meet all criteria for membership in Plaintiffs' proposed class.  Plaintiffs will later seek discovery of their own transaction records, as well as communications and agreements between Defendants and their "Partner" vendors regarding their, "... control over the content hosted on the Honey platform ..." (cf.: FAC, at ¶ 38), as well as whether Plaintiffs' facts are common to the proposed class, whether Plaintiffs' claims are typical of the claims of the proposed class, whether common issues predominate, and whether class treatment would be superior.  (Cf.: Rule 23, Fed.R.Civ.P.)

1  Plaintiffs believe discovery can be completed by Thursday, 6 August 2026 (assuming Defendants

2  cooperate in discovery).

3          After receipt of Defendants' responses to the outstanding written discovery, Plaintiffs will

4  set an agreed date for the deposition(s) of Defendants.

5                  ii.   Defendants' Position

6          PayPal's position is that discovery should be stayed unless and until Plaintiffs' complaint

7  survives a motion to dismiss.  PayPal believes the claims asserted are legally defective and not

8  capable of being cured by amendment and that the cost and burden of responding to discovery

9  would be unreasonable in light of the claims' insufficiency.  In light of PayPal's request for a stay,

10  PayPal submits it is premature to set a date for the completion of fact discovery.

11          To the extent the claims survive the motion to dismiss, at this time, reserving all rights,

12  PayPal intends to propound document requests, interrogatories, and requests for admission, and

13  plans to depose Plaintiffs and any experts Plaintiffs will use in this matter.  PayPal anticipates

14  seeking discovery related to, among other potential categories: (a) purchases Plaintiffs made using

15  Honey, (b) Plaintiffs' Pre-Honey purchasing practices (including how they looked for coupons), (c)

16  Plaintiffs' awareness of Honey's advertising, including any potential advertisements they viewed or

17  received, (d) Plaintiffs' decision to download Honey and create accounts.  PayPal also reserves the

18  right to pursue discovery as to absent classmembers, as necessary to defend against Plaintiffs'

19  contention the claims are appropriate for classwide adjudication.

20                  c)   Proposed Limitations or Modifications of the Discovery Rules

21          At this time, and given that the proceedings are at an early stage, the Parties do not believe

22  that any changes need to be made to the limitations on discovery imposed by the Federal Rules of

23  Civil Procedure or the Local Rules. Each Party reserves the right to seek modifications to the

24  presumptive limits by agreement or order of the Court. The Parties agree that they will attempt in

25  good faith to resolve any disputes relating to those limits without requiring Court intervention.

26

27                                    - 5 -

1

2

     d)  <u>When Discovery Should Be Completed And Whether Discovery Should Be Phased</u>
<u>Or Be Limited To Or Focused On Particular Issues</u>

3      Plaintiffs oppose any phasing of discovery because this would entail inevitable disputes

4 about whether discovery is permissible in a particular phase (due, in part, to substantial overlap),

5 would likely require more than one deposition of some witnesses (*see, e.g., Medlock v. Taco Bell*

6 *Corp.*, 2014 WL 2154437, \*3 (E.D. Cal. 22 May 2014)), and would unnecessarily prolong the

7 discovery period in this case.

8      PayPal likewise believes discovery does not need to be phased once it commences, but

9 submits that discovery should be stayed until after the Court rules on PayPal's motion to dismiss.

10      e)  <u>Electronically Stored Information ("ESI")</u>

11      On July 9, 2025, the Parties met and conferred on the topics listed in the Northern District's

12 Guidelines for the Discovery of Electronically Stored Information and ESI Checklist.

13      f)  <u>Privilege Issues and Trial Preparation Materials</u>

14      The Parties will meet and confer regarding a potential ESI protocol, Protective Order, and

15 Rule 502(d) and privileged materials order if the case reaches discovery. Similar orders were

16 recently entered in *In re PayPal Honey Browser Extension Litigation*, Case No. 5:24 cv 9470 BLF

17 and can serve as models for the respective orders in this case.

18      g)  <u>Discovery Disputes</u>

19      The Court's Standing Order provides that discovery will be referred to a magistrate "in most

20 cases". Plaintiffs respectfully submit that it would be helpful for the parties to know to whom any

21 discovery disputes which may arise should be presented in this action.

22      As detailed above, the parties dispute whether Defendants should be required to respond to

23 the four (4) jurisdictional interrogatories, and produce the two (2) categories of documents sought in

24 re: subject-matter jurisdiction. The parties otherwise have not identified any discovery disputes at

25 this time that require the Court. While the parties agree that other discovery responses can await the

26

27      - 6 -

28

1  Court's ruling on Defendants' current motion to dismiss, disagreement may arise as to whether

2  there should be further delay after the Court's ruling on Defendants' current motion to dismiss.

3  **9.    Class Actions**

4      All counsel have reviewed the Procedural Guidance for Class Action Settlements.

5          a)  Plaintiffs' Position

6      After Plaintiffs have been afforded discovery, Plaintiffs may file a motion for remand.  If

7  not, or if remand denied, Plaintiffs will move to certify a class.  If discovery proceeds expeditiously,

8  the motion for certification will be filed in August of 2026.

9          b)  Defendants' Position

10      PayPal maintains that a class cannot be certified in this action consistent with the

11  requirements of Federal Rule of Civil Procedure 23.  Should the Court deny PayPal's Motion to

12  Dismiss and Plaintiffs later file a motion for class certification, PayPal intends to oppose such

13  motion.  As set forth below, PayPal believes it is premature to set a full case schedule; however, if

14  the Court prefers to set a schedule, PayPal proposes a schedule through class certification and

15  related motions with the balance of the schedule to be decided following any class certification

16  ruling.

17      Further, as noted above, PayPal will oppose any motion to remand the case to state court.

18  **10.    Related Cases**

19      On July 1, 2025, this Court entered an order determining that *Fitzgerald v. PayPal, Inc.*,

20  Case No. 5:25-cv-02993 was related to this case.  *See* Dkt. 40.  On July 7, 2025, this Court entered

21  an order determining that *White v. PayPal, Inc.*, Case No.5:25-cv-04884 was related to this case.

22  *See* Dkt. 41.

23      Other litigation in this District consists of claims by commercial actors ("influencers") who

24  promoted the Honey browser to consumers.  *See In re PayPal Honey Browser Extension Litigation*,

25  Case No. 5:24 cv 9470 BLF, and amended consolidated complaint therein at ECF No. 188.  Judge

26

27

28

INITIAL JOINT CASE MANAGEMENT STATEMENT
CASE No. 25-cv-2850-PCP

1  Freeman has determined that this case and *Fitzgerald v. PayPal, Inc.*, Case No. 5:25-cv-02993 are

2  not related to *In re PayPal Honey Browser Litigation. See* 5:24 cv 9470, ECF Nos. 140, 175.

3  **11.    Relief**

4          a)  Plaintiffs' Position

5          Plaintiffs seek only monetary relief calculated as the difference between: (a) the price

6  actually paid by the Plaintiff or Class Member (on the one hand), and (b) the lower price which

7  would have been paid if the Honey browser extension had actually sought out and applied the most

8  favorable publicly-available coupons or discount codes (on the other hand).  Plaintiffs will not have

9  access to information necessary to quantify their claim until they have had an opportunity to

10  conduct discovery.

11          b)  Defendants' Position

12          PayPal denies that Plaintiffs have suffered any damages and that Plaintiffs are entitled to any

13  relief in connection with the causes of action in the FAC.  PayPal requests that judgment be entered

14  in its favor on all claims.

15  **12.    Settlement and ADR**

16          The parties have complied with ADR L.R. 3.5, and Plaintiffs would be pleased to participate

17  in a mediation, or a settlement conference before a Magistrate Judge.  PayPal believes it is

18  premature to conduct ADR or to select the specific form of ADR to be used but is willing to confer

19  with Plaintiffs on ADR procedures if the Court denies PayPal's motion to dismiss.  Plaintiffs

20  believe that Defendants could voluntarily disclose information sufficient to inform Plaintiffs and the

21  Court as to the magnitude of any potential settlement that would be fair, adequate and reasonable.

22  In the absence of such a voluntary disclosure, Plaintiffs will require discovery of transaction data, as

23  well as agreements and communications between Defendants (on the one hand), and their "Partner"

24  vendors on the other hand.  PayPal does not believe any voluntary production of information would

25  be reasonable in advance of a ruling on a motion to dismiss.  Plaintiffs' lack of understanding of the

potential value of their claim further confirms they filed this lawsuit without any factual basis that any of them suffered any harm.

**13.    Other References**

This case is not suitable for any reference.

**14.    Narrowing of Issues**

At this time, the Parties have yet to identify issues that can be narrowed by agreement.

Plaintiffs believe consequential issues will be subject-matter jurisdiction and choice of law. The issue of subject-matter jurisdiction would be presented by motion for remand (depending upon results of discovery). The issue of choice of law is presented by the motion to dismiss and, if not resolved, would likely arise on motion for summary judgment.

**15.    Proposed Full Litigation Schedule**

Plaintiffs believe the Court should proceed to enter a scheduling order. Defendants believe it is premature to set a full case schedule until the Court determines whether the complaint will survive PayPal's Motion to Dismiss. If the Court grants the motion, a full case schedule would be unnecessary; to the extent the Court issues an order denying that motion, the parties can meet and confer and provide the Court with a full proposed case schedule within 14 days of such order.

However, if the Court wishes to implement a case schedule, the Parties' separate proposed case schedules are listed below. Where no date is listed, the Party does not believe the event needs to be calendared at this point. For all dates that follow the hearing on class certification, PayPal recommends proposing a schedule within 21 days of a ruling on class certification.

| Event | Plaintiffs propose: | Defendants propose: |
|---|---|---|
| Complete ADR | Thursday, 20 November 2025 | |
| Designation of Experts | Thursday, 11 June 2026 | |
| Amendments to Pleadings (hearing date) | Thursday, 6 August 2026 | |
| Discovery Cutoff | Thursday, 6 August 2026 | |

- 9 -

| | | |
|---|---|---|
| Class Certification Motion Filing Deadline and any Supporting Expert Report(s) (expert deposition within 30 days of report disclosure) | Thursday, 3 September 2026 | Thursday, 11 June 2026 |
| Defendants' Response to Motion for Class certification and any Supporting Expert Report(s) (expert deposition within 30 days of report disclosure); Defendants' Class Certification *Daubert* Motions | | Thursday, 6 August 2026 |
| Plaintiffs' Reply in Support of Motion for Class Certification; Plaintiffs' Response to Defendants' Class Certification *Daubert* Motions; Plaintiffs' Class Certification *Daubert* Motions | | Thursday, 17 September 2026 |
| Defendants' Reply ISO Class Certification *Daubert* Motions; Defendants' Response to Plaintiffs' Class Certification *Daubert* Motions | | Thursday, 8 October 2026 |
| Plaintiffs; Reply ISO Class Certification *Daubert* Motion | | Thursday, 22 October 2026 |
| Hearing on Plaintiffs' Motion for Class Certification and Class Certification *Daubert* Motions | | Thursday, 12 November 2026 |
| Merits Expert Reports | | |
| Rebuttal Merits Expert Reports | | |
| Close of Expert Discovery | | |
| Dispositive Motion Filing Deadline and *Daubert* Motions | Thursday, 3 September 2026 | |
| Responses to Motions for Summary Judgment and *Daubert* Motions | | |
| Replies in support of Motions for Summary Judgment and *Daubert* Motions | | |

INITIAL JOINT CASE MANAGEMENT STATEMENT
CASE No. 25-cv-2850-PCP

| Dispositive and *Daubert* Motions Heard | Thursday, 15 October 2026 | |
| --- | --- | --- |
| Final Pretrial Conference | Thursday, 21 January 2027 | |
| Trial | Monday, 8 February 2027 | |

**16.    Trial**

Plaintiffs have demanded trial by jury.  Plaintiffs estimate ten (10) or fewer trial days, from jury selection through closing argument.

**17.    Disclosure of Non-party Interested Entities or Persons**

Plaintiffs are individual UK nationals not required to file a Rule 7.1(a)(2) statement because Defendants have not asserted jurisdiction under Title 28, U.S.C., Section 1332(a) (Defendants have asserted only Section 1332(d)(2)).  Plaintiffs have filed their Civil L.R. 3-15 Certification at ECF No. 34.  Plaintiffs report that there is no conflict or interest other than the named parties, and potential class members (all of whom are UK-resident consumers).  Defendants have filed their Certification at ECF No. 2.  Defendants report that PayPal Holdings, Inc. is the parent corporation of both Honey Science, LLC and PayPal, Inc. and there is no publicly held corporation that owns ten percent (10%) or more of PayPal Holdings, Inc. stock.

**18.    Professional Conduct**

All counsel of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

INITIAL JOINT CASE MANAGEMENT STATEMENT
CASE No. 25-cv-2850-PCP

1

Dated: July 24, 2025

2

Respectfully submitted,

3

By: */s/ Paul F. Rugani*

Paul F. Rugani (SBN 342647)

4

**ORRICK, HERRINGTON & SUTCLIFFE**
**LLP**

5

2050 Main Street, Suite 1100
Irvine, CA 92614-8255

6

Telephone: (949) 567-6700

7

*Attorney for Defendants HONEY SCIENCE, LLC,*
*and PAYPAL, INC.*

8

9

10

By: */s/ David J. Gallo*

David J. Gallo (SBN 127722)

11

**LAW OFFICES OF DAVID J. GALLO**
12702 VIA CORTINA, SUITE 500

12

DEL MAR, CALIFORNIA 92014-3769
Telephone: (858) 509-3652

13

*Attorney for all Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

- 12 -

28