DAVID J. GALLO *(California Bar No. 127722)*
**LAW OFFICES OF DAVID J. GALLO**
12702 VIA CORTINA, SUITE 500
DEL MAR, CALIFORNIA 92014
Telephone: (858) 509-3652

Attorneys for all Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM CAMPBELL, DANIEL JENKS-BERRYMAN, DECLAN LYNN, ADITHYA NARAYANAN, JAMES POAD, DAN SORAHAN, ALAN SUTCH, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HONEY SCIENCE, LLC, a Delaware limited liability company, PAYPAL, INC., a Delaware corporation, and DOES 1 through 50, <br><br> Defendants. | Case Number: <br><br> **5:25-cv-02850** <br><br><br> **CLASS ACTION (Plaintiff Class, Cal.Code Civ.Proc., § 382)** <br><br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING SUBJECT-MATTER JURISDICTION** |

This Response to Defendants' Supplemental Brief Regarding Subject-Matter Jurisdiction is filed on behalf of all Plaintiffs:

The Court's order, ECF No. 47, directed Defendants to, "... explain[] why this Court has CAFA subject matter jurisdiction **based on the proposed class as defined in plaintiff Campbell's complaint.**" (Emphasis added.)

The Court has correctly articulated the inquiry. In considering federal subject-matter jurisdiction, a court must accept and apply the class definition "*proposed*" by the plaintiffs in their complaint:

> "CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.' 28 U.S.C. § 1332(d)(2), (d)(5)(B). To 'determine whether the matter in controversy' exceeds that sum, 'the claims of the individual class members shall be aggregated.' § 1332(d)(6). And those 'class members' include 'persons (named or unnamed) who fall within the definition of the *proposed* or certified class.' § 1332(d)(1)(D) (emphasis added).
>
> "As applied here, the statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls **within the definition of Knowles' proposed class** and determine whether the resulting sum exceeds $5 million. If so, there is jurisdiction and the court may proceed with the case. ..."

*Standard Fire Ins. Co. v. Knowles,* 568 U.S. 588, 592 (2013). (Italics by the Supreme Court; other emphasis by Plaintiffs.)

Defendants have responded to the Court's order, ECF No. 47, by simply proffering evidence that there have been 6.8 million *Honey* users in the UK over

the proposed class period.  However, Defendants have offered absolutely no evidence of either the number of persons within Plaintiffs' proposed class definition, or of the magnitude of any class member's claim.  Instead, Defendants ask the Court to assume that each of the 6.8 million *Honey* users meets all criteria for inclusion in Plaintiffs' proposed class.  If such an assumption were permissible, the availability of nominal damages would satisfy the $5 million amount-in-controversy requirement.

However, it may not be assumed that each of the 6.8 million *Honey* users meets all criteria for inclusion in Plaintiffs' proposed class, because Defendants have proffered no evidence to support that assumption.  It is Defendants' burden to prove that at least $5 million is in controversy.  *See, Dart,* etc. *v. Owens,* 574 U.S. 81, 89 (2014).  ("***Evidence*** establishing the amount [in controversy] is required by [Title 28, U.S.C.,] § 1446(c)(2)(B) ... when the plaintiff contests, ***or the court questions,*** the defendant's allegation [in its notice of removal]." [Emphasis added.]) This Court's order, ECF No. 47, afforded Defendants, "... an opportunity to 'submit ***proof,***' ... [to carry their] burden to show that the amount-in-controversy requirement is met by a preponderance of the evidence." *Moe v. GEICO, etc.,* 73 F.4th 757, 762 (9th Cir. 2023), *citing, Dart,* 574 U.S., at 88-89.  (Emphasis added.)

> "CAFA's requirements are to be tested by consideration of **real evidence** and the reality of what is at stake in the litigation, using ***reasonable*** assumptions underlying the defendant's theory of damages exposure."

*Moe,* 73 F.4th, at 762.  (Emphasis added; citations omitted.)

> "[The removing] defendant ... has the burden to put forward ***evidence*** showing that the amount in controversy exceeds $5 million, to satisfy other requirements of CAFA [*e.g.,* 100 or more

class member], and to persuade the court that the estimate of
damages in controversy is a reasonable one."

*Ibarra v. Manheim Investments, Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015). (Emphasis added.)  "[A]ssumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable ground underlying them'." *Arias v. Residence Inn by Marriott,* 936 F.3d 920, 927 (9th Cir. 2019), *quoting, Ibarra,* 775 F.3d, at 1199.  However, the "reasonable ground" supporting any assumption must, itself, be established by "real evidence":

> "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions. ... [p. 1199:] [A]ssumptions **cannot be pulled from thin air** but need some reasonable ground underlying them. [¶] Here, Manheim relied on an assumption about the rate of its alleged labor law violations that was not **grounded in <u>real evidence</u>** ..."

*Ibarra,* 775 F.3d, at 1197, 1199. (Emphasis added.)  *See also, Trigueros v. Stanford Federal Credit Union,* 2021 WL 2649241, *5 (N.D. Cal. 2021), in which the court appears to have expressed agreement that assumptions must be supported by admissible evidence. ("... Defendant here has provided evidence, in the form of a declaration ..., supporting its assumptions ...")  *See also, Snow v. Watkins and Shepard Trucking, Inc.,* 2019 WL 1254571, *3 (C.D. Cal. 2019) (rejecting assumption as, "not grounded in real evidence", *citing, Ibarra,* 775 F.3d, at 1199).

Defendants refer to Plaintiffs' proposed class definition as a "fail-safe" definition, and suggest that such a class could not be certified under Rule 23, Fed.R.Civ.P.  (*See,* Δs' Brief, at 4:25 to 5:11.)  Defendants have proffered no authority that even a "fail-safe" class definition may not be certified in the

California courts.  Plaintiffs' undersigned counsel has not located any California authority which even recognizes the term, "fail-safe".  California's doctrine of ascertainability precludes Defendants' proffered view:

> "[California] ... regard[s] a class as ascertainable when it is defined in terms of objective characteristics and common transactional facts that make the ***ultimate*** identification of class members possible ***when that identification becomes necessary.*** [Citation.]  We regard this standard as including class definitions that are sufficient to allow a member of [the class] ***to identify himself or herself*** as having a right to recover based on the [class] description. [Citation.]"

*Noel v. Thrifty Payless, Inc.* (2019) 7 Cal.5th 955, 980.  (Emphasis added; citations, internal quotation marks omitted.)  In *Noel,* the California Supreme Court disapproved numerous intermediate appellate decisions which had held that the ascertainability element for class certification required that the eventual identification of class members must occur without unreasonable expense or time.  *See, Noel,* 7 Cal.5th, at 985-986 and n.15.  The decisions expressly disapproved by the California Supreme Court in *Noel* include *Bomersheim v. Los Angeles Gay & Lesbian Center* (2010) 184 Cal.App.4th 1471, which had held that including causation in a class definition precluded ascertainability.  *See, Bomersheim,* 184 Cal.App.4th, at 1483; *cf.: Noel,* 7 Cal.5th, at 986 n.15.

Defendants cite to *Cohen v. DIRECTV, Inc.* (2009) 178 Cal.App.4th 966, 975.  (*See,* Δs' Brief, at 5:22-23.)  *Cohen,* which was decided a decade before the California Supreme Court's decision in *Noel,* does not (as Defendants suggest) support the view that, "... California ... does not authorize class definitions that ' depend on the outcome of the litigation on the merits'." (*See,* Δs' Brief, at 5:22-23.)  Defendants' have actually proffered a partial quotation from a lengthy quotation (in *Cohen*) from *Hicks v. Kaufman and Broad Home Corp.* (2001) 89

Cal.App.4th 908, 913-916, at *Cohen,* 178 Cal.App.4th, at 975-976.  A lengthier excerpt follows:

> "The trial court applied an improper criterion in determining ascertainability of the class. ... The court's reasoning is circular because it makes ascertainability depend on the outcome of the litigation on the merits."

*Cohen,* 178 Cal.App.4th, at 975, *quoting, Hicks,* 89 Cal.App.4th, at 914.  To whatever extent the context of this quotation might even be applicable to the instant case (and it does not appear that it is), pre-*Noel* decisions regarding ascertainability have lost their vitality to the extent they may articulate the standards for ascertainability differently as did the California Supreme Court in its 2019 decision in *Noel*.

       Defendants suggest that, if this Court were to remand, the state court would likely require Plaintiffs to amend their class definition, and that the amended class definition would support removal.  (*See,* Δs' Brief, at 5:20-22.) While this argument is inconsistent with the California Supreme Court's decision in *Noel,* it does not address whether this Court has subject-matter jurisdiction over Plaintiffs' ***current*** complaint.  Even if Defendant were correct, a federal court would not assert jurisdiction because it assesses it likely that a case would become removable upon the occurrence of ***future*** events.

       Finally, even if this Court concludes that it has subject-matter jurisdiction on the basis of the record now before it, this Court should afford Plaintiffs due process by requiring Defendants to respond to the jurisdictional discovery set out at ECF No. 45.  Plaintiffs should be afforded the opportunity to make a record in support of a motion for remand, in the event that the evidence obtained on discovery were to support such a motion.

| | |
|---|---|
| Dated: 9 August 2025 | Respectfully submitted, |
| | DAVID J. GALLO<br>**LAW OFFICES OF DAVID J. GALLO**<br>12702 VIA CORTINA, SUITE 500<br>DEL MAR, CALIFORNIA  92014-3769<br>Telephone: (858) 509-3652 |
| | _____/s/ David J. Gallo_____<br>By:   David J. Gallo,<br>        California Bar No. 127722<br>        Attorneys for all Plaintiffs |

[RESP re SUBJECT-MATTER JURISDICTION.wpd]