UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM CAMPBELL, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>HONEY SCIENCE, LLC, et al.,<br><br>        Defendants. | Case No. 25-cv-02850-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 63, 67 |

Defendants Honey Science, LLC and PayPal, Inc. move to dismiss this purported class action brought against them by Tom Campbell, Daniel Jenks-Berryman, Declan Lynn, Adithya Narayanan, James Poad, Dan Sorahan, and Alan Sutch.[1] For the reasons discussed herein, the Court grants defendants' motion.

## BACKGROUND

Plaintiffs are citizens of the United Kingdom. They filed this action on February 20, 2025, in Santa Clara County Superior Court. Plaintiffs filed the operative first amended complaint on March 14, 2025. On March 26, 2025, defendants removed the action to federal court, contending that this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d). This Court previously granted defendants' motion to dismiss. Plaintiffs filed a second amended complaint alleging a single claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*[2]

Plaintiffs are users of defendants' free browser extension "Honey", which automatically

---

[1] PayPal, Inc. acquired Honey in January 2020.

[2] For the purposes of defendants' Rule 12(b)(6) motion, the Court assumes the truth of the facts alleged in plaintiffs' complaint.

searches for coupons and discount codes and applies them to the Honey user's cart during online shopping. Plaintiffs' claim is based on the allegation that Honey's website advertises itself as a service for finding the "best" coupons, but Honey's partner vendors can in truth select which coupons appear to plaintiffs through Honey. Plaintiffs allege that some partner vendors withheld their best coupons from Honey users and that "[o]n at least some occasions, each Plaintiff, and each member of the Plaintiff Class, did not receive the 'best' coupons or discount codes because Defendants had agreements with many vendors pursuant to which Defendants would not find and apply the 'best' coupons or discount codes." On this basis, plaintiffs allege that they suffered a monetary loss measured by the difference between the price they paid and the lower price which they would have paid if Honey had applied the most favorable or "best" coupon.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." If the complaint does not state a claim, the defendant may move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell*

2

*v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Materials outside the complaint can be considered on a Rule 12(b)(6) motion if they are incorporated by reference therein or otherwise judicially noticeable. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A [district] court may [ ] consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). The Court may consider documents that are "not physically attached to the complaint" "if the [ ] 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)). Federal Rule of Evidence 201 permits judicial notice of "a fact that is not subject to reasonable dispute" because it is "generally known."

## ANALYSIS

### I. Plaintiffs fail to state a plausible UCL claim.

Defendants move to dismiss the UCL claim for two reasons: first, that plaintiffs fail to plead facts sufficient to support extraterritorial application of the UCL and, second, that the complaint lacks allegations sufficient to establish a UCL violation. The Court rejects the first argument but agrees with the second.

#### A. Extraterritoriality

"[T]he UCL does not apply to actions occurring outside of California that injure non-residents." *Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1130 (N.D. Cal. 2014) (quoting *Ice Cream Distributors of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.,* C–09–5815 CW, 2010 WL 3619884 (N.D. Cal. Sept. 10, 2010), *aff'd*, 487 Fed. App'x. 362 (9th Cir. 2012)). But while "the presumption against extraterritoriality applies to the UCL in full force … the UCL reaches any unlawful business act or practice committed in California." *Sullivan v. Oracle Corp.*, 254 P.3d 237, 248 (Cal. 2011).

The Court previously considered the UCL claim set forth in the first amended complaint and dismissed it in part because plaintiffs failed to plead any misconduct taking place in California. Plaintiffs attempt to cure that defect by now alleging that "PayPal's public statements

3

on the Honey Website … were made and disseminated from within the State of California." Defendants argue that the new allegations are "barebones" and insufficient to establish that the conduct actually disseminated from California.

Although it is relevant that PayPal and Honey's principal places of business are in California, it is clear that citizenship *alone* is not a basis for applying the UCL. *See, e.g.*, *Ehret*, 68 F. Supp. 3d at 1131–32 (concluding that the UCL applied where plaintiff did not rely solely on defendant's California citizenship but also alleged that billing and payment for services were conducted through servers located in California, where website and phone applications were maintained in California, and where misrepresentations were developed in California).[3]

To support their argument that plaintiffs fail to plausibly allege that the conduct at issue came from California notwithstanding defendants' citizenship, defendants point to two decisions: *Pattison v. HP Inc.*, No. 24-CV-02752-MMC, 2024 WL 5011945, at *2 (N.D. Cal. Dec. 5, 2024) (holding that an allegation that the "acts and omissions giving rise to [plaintiff's] claims occurred in and emanated from this District" were "conclusory and, consequently, … insufficient" to establish that the challenged conduct took place in California), and *Gustafson v. BAC Home Loans Servicing, LP*, No. SACV 11–915–JST (ANx), 2012 WL 4761733, at *6 (C.D. Cal. Apr. 12, 2012) (holding that the single allegation that "Defendants' scheme was devised, implemented and directed from BAC Home Loans Servicing's and Balboa's offices in California" was "too vague to 'plausibly suggest an entitlement to relief'"). But unlike the complaints at issue in the cited cases, the second amended complaint here includes allegations specific enough to preclude dismissal on a 12(b)(6) motion. While plaintiffs' allegation that the public statements at issue "were made and disseminated from within the State of California" is quite general, it is still more specific than the allegations in the cited cases because it identifies the harmful conduct and places it within California. *See Cannon v. Wells Fargo Bank N.A.,* 917 F. Supp. 2d 1025, 1056 (N.D. Cal. 2013) (noting that, in the absence of any allegations that "the tortious conduct occurred at least in part in California," the fact that a company's principal place of business was in the state made the

---

[3] The court takes judicial notice of Exhibits A–D to Dkt. 69. *See Lee*, 250 F.3d at 688–89 (a court may take judicial notice of matters of public record).

4

1    allegations merely possible, not plausible). This is particularly true given that Honey has always
2    conducted its business from California. Because plaintiffs have plausibly alleged that the tortious
3    conduct at issue originated in California, they have alleged facts sufficient to assert that the UCL
4    might apply to that conduct.[4]

### B.     Recovery

The remedy that plaintiffs seek on their UCL claim is recovery of the difference between the price actually paid by each class member and the lower price that class member would have paid if Honey had applied the most favorable publicly available coupon. They assert that this recovery involves a form of monetary restitution available under the UCL. They also allege that partner vendors paid Honey a 3% commission on every order made through the extension. They do not, however, specifically seek to recover those payments or any portion thereof.

Damages are not recoverable under the UCL. *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 943 (Cal. 2003) (holding that because a remedy sought by plaintiff closely resembled a claim for damages it was not recoverable under the UCL). Defendants argue that plaintiffs are nonetheless seeking "classic compensatory damages" and have not identified any form of restitution available to them under the UCL. *See Zhang v. Superior Ct.*, 304 P.3d 163, 168 (Cal. 2013).

A valid restitution claim "requires both that money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant, on the other." *Kwikset Corp. v. Superior Ct.*, 246 P.3d 877, 895 (Cal. 2011). *Korea Supply Co.* explained the circumstances under which such relief is available under the UCL. That case involved a deal broker working with the Korean government who would have earned $30 million if its client's bid for a particular project had been accepted. The plaintiff alleged that it lost the contract to Lockheed Martin, which submitted a lower bid but had also "offered bribes and sexual favors to

---

[4] Defendants argue that UK law should apply, but because plaintiffs' second amended complaint alleges facts sufficient to support extraterritorial application of the UCL, the Court will apply California law for the purposes of Rule 12(b)(6). *See Urban v. Tesla, Inc.*, 698 F. Supp. 3d 1124, 1133 (N.D. Cal. 2023) (concluding that because California's choice-of-law analysis requires case-specific factual inquiries, it is rarely appropriate to resolve such issues on a Rule 12(b)(6) motion).

key Korean officials." 63 P.3d at 941. On the basis of the bribes and sexual favors, the plaintiff sought restitution from Lockheed Martin under the UCL. The California Supreme Court held that the plaintiff lacked a remedy because it had no ownership interest in the money it sought to recover. *Id.* at 947. The court distinguished between a "vested" interest, like earned wages that have yet to be paid, and an "expectancy" interest, like a commission. *Id.* A vested interest requires money that can both be identified as belonging to the plaintiff and can clearly be traced back to particular funds in the defendant's possession. *Id.* (citing *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204, 213 (2002)). Because the recovery in *Korea Supply Co.* involved a lost commission, it could not be traced to any specific funds in the defendants' possession. Indeed, the plaintiffs never anticipated a direct payment from the defendants. The court held that requested monetary relief did not represent any quantifiable sum owed by defendants and instead was a "contingent expectancy of payment from a third party." *Id.* at 948.

The relief plaintiffs seek here involves a similar expectancy interest. They seek recovery of the difference between what they paid to third parties and what they expected to pay those third parties. Plaintiffs argue that the commission defendants earned on each transaction is what transforms their interest into a vested one, contending that a portion of "their own funds" was "forwarded to defendants." But plaintiffs do not specifically seek a return of those funds (or the portion of the commission received by defendants as a result of the increased price plaintiffs purportedly paid) in their second amended complaint. Instead, they seek the full price increase resulting from Honey's application of a coupon that was less favorable than the "better" deal that existed. That amount "cannot be traced to any particular funds in [defendants'] possession" and is instead better understood as a form of damages. *Korea Supply Co.*, 63 P.3d at 947–48.[5]

Finally, while plaintiffs are technically correct that entitlement to restitution "is not even a requisite for [UCL] standing," that principal does not help them here. If they had sought restitution

---

[5] Plaintiffs' insistence that the UCL does not require direct privity is correct, *see e.g.*, *Shersher v. Superior Ct.*, 65 Cal. Rptr. 3d 634, 641 (Cal. Ct. App. 2007), but unhelpful. Plaintiffs' privity with defendants is relevant only to the extent that it helps trace the relationship between the money sought and the payout defendants received.

*and* injunctive relief under the UCL, then they might be able to continue pursuing a UCL claim. But because the sole theory of recovery they have pleaded in the second amended complaint is not available under the UCL, their existing complaint fails to state a UCL claim.

## CONCLUSION

For the reasons discussed herein, the Court grants defendants' motion to dismiss plaintiffs' complaint.[6] Dismissal is with leave to amend. Any amended complaint must be filed within 28 days of this order. Discovery in this matter is stayed pending defendants' filing of an answer to a future complaint.

**IT IS SO ORDERED.**

Dated: December 1, 2025

P. Casey Pitts
United States District Judge

---

[6] Although defendants identified other purported defects in plaintiffs' complaint in their motion to dismiss, the Court need not address them given the Court's conclusion that the operative complaint fails to plead any viable cause of action.