UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM CAMPBELL, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>HONEY SCIENCE, LLC, et al.,<br><br>      Defendants. | Case No. 5:25-cv-02850-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 92 |

Honey Science is a browser extension that promises to search for and apply the "best" coupons or discount codes to whatever users are purchasing. Honey is owned by PayPal, and together they are the defendants in this action. Plaintiffs allege that on at least some occasions, they did not receive the maximum available discount for two reasons: first, because Honey had agreements with vendors to *not* find and apply the best coupons, and second, because Honey does not actually "search" for discount codes but instead only applies codes that they receive from affiliate networks, a website, or Honey subscribers.[1]

Plaintiffs' two proposed classes consist of (1) residents of the UK who downloaded Honey after Jan 1, 2020 and used the extension to purchase an item but did not receive the lowest available price, and (2) residents of the UK who downloaded Honey after Jan 1, 2020 and purchased any item from a partner vendor who forwarded to defendants a commission of any part of the purchase price paid by a class member. This Court dismissed the original complaint, holding that Plaintiffs had failed to state either (1) a claim for breach of an implied or unilateral

---

[1] The Court's previous orders provide further background on both the facts and history of the case. *See Campbell v. Honey Sci., LLC*, 797 F. Supp. 3d 1080 (N.D. Cal. 2025); *Campbell v. Honey Sci.*, LLC, 811 F. Supp. 3d 1056 (N.D. Cal. 2025).

United States District Court<br>Northern District of California

contract or (2) a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). *Id*. Plaintiffs filed a second amended complaint, dropping their contract theory and alleging only violations of the UCL. The Court dismissed the second amended complaint, holding again that plaintiffs had failed to state a UCL claim. *Campbell*, 811 F. Supp. 3d at 1060. Plaintiffs then filed a third amended complaint, seeking relief under the UCL or in the alternative under an unjust enrichment theory, and alleging an unlawful invasion of their privacy. Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(6).

### LEGAL STANDARD

The Federal Rules require a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint does not do so, the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*.* "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

United States District Court
Northern District of California

United States District Court
Northern District of California

**ANALYSIS**

**I.     UCL**

Plaintiffs allege that Honey failed to apply the best available coupon to their purchases, and that Honey received a commission for every purchase made after a user searched for a coupon code through the browser extension, whether or not a code was applied.[2] That commission was allegedly incorporated into the overall cost charged for the underlying product by the seller, and thus ultimately paid by Honey users. Plaintiffs now seek a return of the commissions Honey made on each transaction, along with an injunction "compelling Defendants to cease and desist from the above-described acts constituting unfair competition." On the allegations in plaintiffs' third amended complaint, neither of these theories present cognizable forms of relief under the UCL.[3]

Plaintiffs fail to state a claim for injunctive relief because they do not plead a likelihood of future injury. *See Edwards v. MUBI, Inc.*, 773 F. Supp. 3d 868, 886 (N.D. Cal. 2025) (declining to find standing to pursue injunctive relief because plaintiffs did not allege that they were currently using the product or planned to do so in the future); *Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1248 (N.D. Cal. 2017) (same).

They also fail to state a claim for restitution. Permissible restitution under the UCL is relief that compels a defendant "to return money obtained through an unfair business practice to those persons in interest from whom the property was taken." *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 947 (Cal. 2003) (citation omitted). Plaintiffs allege that the undisclosed deals with vendors harmed them by limiting their access to the "best" coupons and causing them to spend more than they would have had Honey actually done what it promised. There are two issues with this theory.

First, plaintiffs received some benefit from the purchase. "Generally, a party seeking restitution must return any benefit received." *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 795

---

[2] For the purposes of defendants' Rule 12(b)(6) motion, the Court assumes the truth of the facts alleged in plaintiffs' complaint.

[3] Defendants move to dismiss plaintiffs' UCL claim on multiple grounds. Because plaintiffs' failure to state a cognizable claim for relief is dispositive, the Court need not reach the other grounds.

(2015).

Second, plaintiffs fail to connect their proposed remedy—"restitution" of the commission—to what they actually lost. Plaintiffs seek the broad disgorgement of Honey's profits from every sale that was preceded by a coupon search on Honey. But "disgorgement of profits is allowed in UCL claims only to the extent it constitutes restitution, *i.e.*, profits unfairly obtained to the extent they represent money in which the plaintiff has an ownership interest." *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1102 (N.D. Cal. 2007); *see also Korea Supply Co.*, 63 P.3d at 946 ("[W]e find nothing to indicate that the Legislature intended to authorize a court to order a defendant to disgorge all profits to a plaintiff who does not have an ownership interest in those profits."). Plaintiffs have an arguable ownership interest in only a limited subsection of the profits whose return they demand: the portion of Honey's commission that corresponds to the difference between what they actually paid and what they would have paid but for the defendants' unfair business practices—i.e., had the best available coupon been utilized or had Honey not been paid any commission. There is no such limiting language in the remedy they seek.

Instead, plaintiffs' theory is that because the product's price included the cost of the commission, they have an ownership interest in every commission paid to Honey. But while the UCL permits restitution to a plaintiff who "once … had an ownership interest in the money or property acquired by the defendant through *unlawful* means," *Shersher v. Superior Ct.*, 154 Cal. App. 4th 1491, 1500 (2007) (*citing Hirsch v. Bank of America*, 107 Cal. App. 4th 708, 722 (2003)) (emphasis added), plaintiffs do not allege that there is anything unlawful alleged about the commission structure itself. Instead, plaintiffs' theory of recovery under the UCL is based on their allegation that they did not receive the maximum available discount. Plaintiffs thus fail to connect their theory of restitution to the alleged unlawful acts. Plaintiffs have therefore not pleaded an entitlement to restitution or injunctive relief under the UCL.

## II.    Unjust Enrichment

"California law recognizes a right to disgorgement of profits resulting from unjust enrichment, even where an individual has not suffered a corresponding loss." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 599 (9th Cir. 2020) (citing *Cty. of San Bernardino v.*

United States District Court
Northern District of California

*Walsh*, 158 Cal. App. 4th 533, 542 (2007)). But courts are split over whether unjust enrichment is an independent cause of action under California law. *Compare First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1663 (1992) (unjust enrichment is an independent cause of action), with *Sepanossian v. Nat'l Ready Mix Co., Inc.*, 97 Cal. App. 5th 192, 206 (2023) ("There is no cause of action in California labeled 'unjust enrichment.'"); *see also F.G. v. CooperSurgical, Inc.*, No. 24-CV-01261-JST, 2024 WL 4982991, at *8 (N.D. Cal. Dec. 4, 2024) ("California case law is not entirely clear on whether unjust enrichment is an independent cause of action."). The Court will construe the unjust enrichment as a quasi-contract claim seeking restitution and allow it to proceed as a standalone cause of action. *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015).

Even so, plaintiffs' unjust enrichment claim suffers from the same remedial defect as their UCL claim because the restitution plaintiffs seek on both claims is identical. For the reasons noted above, the unjust enrichment claim is likewise dismissed. *See Nocchiero v. Canyon Bicycles USA, Inc.*, No. 25-CV-04066-HSG, 2026 WL 1102867, at *5 (N.D. Cal. Apr. 23, 2026) (dismissing both an unjust enrichment and a UCL claim where the underlying restitutionary theory failed).

### III.   Invasion of Privacy

A plaintiff alleging invasion of privacy must show (1) a legally protected privacy interest, (2) a reasonable expectation of privacy, and (3) "highly offensive" conduct by the defendant constituting a serious invasion of privacy. *Hill v. Nat'l Collegiate Athletic Assn.*, 865 P.2d 633, 657 (Cal. 1994). Defendants argue that plaintiffs fail to plead any of the three elements.

Plaintiffs appear to base their invasion of privacy allegations on a YouTube commentator who claims to be in possession of Honey's source code. They rely on a video by the commentator and allege that the Honey extension "examines what websites the Honey user has visited and what cookies exist on the user's browser" without either procuring the user's consent or disclosing those actions to the user. But even if plaintiffs' browsing history involves a legally protected privacy interest and plaintiffs had a reasonable expectation of privacy, the Court cannot find that the alleged acts constituted a highly offensive invasion of privacy.

An invasion of privacy must be "highly offensive to a reasonable person." *Hernandez v.*

*Hillsides, Inc.*, 211 P.3d 1063, 1072 (Cal. 2009). This is a holistic analysis requiring a court to weigh factors such as "likelihood of serious harm to the victim, the degree and setting of the intrusion, the intruder's motives and objectives, and whether countervailing interests or social norms render the intrusion inoffensive." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 606 (9th Cir. 2020). In *Facebook*, the court noted that the plaintiffs alleged surreptitious data collection even after individuals were logged out of their Facebook accounts. Here, there are no such allegations. Instead, plaintiffs allege that a browser extension downloaded for the express purpose of monitoring consumers' online shopping activity and automatically applying coupon codes at checkout tracked their browsing data. They provide no more details. Given that the very purpose of the extension plaintiffs downloaded was to track their browsing, the conduct alleged here involved the kind of "routine commercial behavior" that does not constitute "a highly offensive intrusion of privacy." *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1090 (N.D. Cal. 2022) (collecting cases) (citation omitted).

Plaintiffs separately never allege why Honey's collection of the kind of information at issue was highly offensive. Where a plaintiff fails to do so, a district court may dismiss the claim. *See Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025) (affirming the dismissal of an invasion of privacy claim when plaintiff failed to identify "embarrassing, invasive, or otherwise private information" that would make her harm "highly offensive"). Plaintiffs argue that *Popa* involved a website owner recording a consumer's interaction with its own website, attempting to distinguish it from the alleged facts here, in which the extension tracked users' browsing behavior across other websites not owned or operated by defendants. But plaintiffs fail to allege *anything* about what was tracked by Honey, let alone what behavior was specifically tracked. *Id*. The collection of browsing data, without more detail on why collecting that data could be intrusive, does not involve conduct that can be deemed "highly offensive" for the purposes of an invasion of privacy claim.

## CONCLISION

For the foregoing reasons, the Court grants defendants' motion to dismiss plaintiffs' third amended complaint. Because plaintiffs have been provided with several opportunities to state a

valid claim but have continually failed to do so, dismissal is with prejudice and without further leave to amend.

**IT IS SO ORDERED.**

Dated: June 15, 2026

_____
P. Casey Pitts
United States District Judge